Afiyfa H. Ellington, Esq. #030112003
**Abira Medical Laboratories, LLC d/b/a**
**Genesis Diagnostics**
957 Route 33 | Suite 12 | #322
Hamilton Square | New Jersey | 08690
Tel: (212)220-1616
aellington@genesisdx.com
*Counsel for Abira Medical Laboratories, LLC*
*d/b/a Genesis Diagnostics*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITEDHEALTH GROUP, INC., ET AL.<br><br>Petitioners<br><br>vs.<br><br>ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Respondent. | CASE NO. **3:26-cv-07495-RK-JBD** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT/RESPONDENT'S MOTION TO VACATE THE FINAL AWARD IN PART, OR IN THE ALTERNATIVE TO MODIFY THE FINAL AWARD, AND IN OPPOSITION TO CONFIRMATION**

Afiyfa H. Ellington, Esq.

Of Counsel and On the Brief

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .......... 3

**LEGAL ARGUMENT** .......... 4

**I. THE PANEL'S SANCTIONS AUTHORITY UNDER RULE R-62(A) DID NOT EXTEND TO THE FEE AWARD BECAUSE THE RULE'S OWN PRECONDITIONS WERE NEVER SATISFIED.** .......... 4

**A. No party ever requested the sanction that was imposed** .......... 4

**B. The Panel decided entitlement first, without any Evidence and Argument** .......... 6

**C. The Panel addressed only one of the rule's two disjunctive triggers.** .......... 7

**II. THE PANEL EXCEEDED ITS POWERS IN AWARDING FEES BECAUSE NO SOURCE OF FEE-SHIFTING AUTHORITY EXISTED.** .......... 7

**III. GENESIS RECEIVED NOTICE THAT SANCTIONS WERE POSSIBLE, NOT NOTICE OF THE SPECIFIC SANCTION IMPOSED, AND SECTION 10(A)(3) REQUIRES THE LATTER** .......... 10

**IV. ANY CONFIRMATION MUST BE LIMITED TO THE CLAIMS SUBMITTED** .......... 11

**V. GENESIS WITHDRAWS ITS FINALITY ARGUMENT** .......... 12

**CONCLUSION** .......... 12

# TABLE OF AUTHORITIES

## Cases

Asturiana de Zinc Marketing, Inc. v. LaSalle Rolling Mills, Inc., 20 F. Supp. 2d 670 (S.D.N.Y. 1998) ..... 10
Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117 (2d Cir. 1999) ..... 11
CPR Mgmt., S.A. v. Devon Park Bioventures, L.P., 19 F.4th 236 (3d Cir. 2021) ..... 11
CPR Mgmt., S.A. v. Devon Park Bioventures, L.P., 19 F.4th 236 (3d Cir. 2021) ..... 6
Matter of Stewart Tabori & Chang, Inc. (Stewart), 282 A.D.2d 385, 723 N.Y.S.2d 492 (1st Dep't 2001), denied, 96 N.Y.2d 718 (2001) ..... 8, 9
McLaughlin, Piven, Vogel Secs., Inc. v. Ferrucci, 67 A.D.3d 405, 889 N.Y.S.2d 134 (1st Dep't 2009) ..... 9
Oxford Health Plans LLC v. Sutter, 569 U.S. 564 (2013) ..... 8
Peng v. Gabay, 2009 WL 5216975 (D.N.J. Dec. 29, 2009) ..... 9
PMA Capital Ins. Co. v. Platinum Underwriters Bermuda, Ltd., 400 F. App'x 654 (3d Cir. 2010), aff'g 659 F. Supp. 2d 631 (E.D. Pa. 2009) ..... 5
Richardson v. Coverall N. Am., Inc., 811 F. App'x 100 (3d Cir. 2020) ..... 9
Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 (2010) ..... 8
Tanoma Mining Co. v. Local Union No. 1269, 896 F.2d 745 (3d Cir. 1990) ..... 8
United Transp. Union v. Suburban Transit Corp., 51 F.3d 376 (3d Cir. 1995) ..... 8

## Statutes

9 U.S.C. §10(a)(3) ..... 11
9 U.S.C. §10(a)(4) ..... 5

## Rules

R-50 ..... 4
R-50(b) ..... 4
R-50(d)(ii) ..... 8, 10
R-62(a) ..... passim

## PRELIMINARY STATEMENT

Petitioners, UnitedHealth Group, Inc. and UnitedHealthcare Insurance Company (together "United")'s opposition confirms rather than answers the central problem with the Final Award: no one, at any point in this record, can point to the moment United asked the Panel for the specific fee sanction it ultimately received, or the moment Genesis was told that sanction was on the table. Petitioners instead ask this Court to infer notice from a general warning that "all available remedies and sanctions" might follow noncompliance, and to infer authority from rules that, read in full rather than in fragments, impose conditions Petitioners' own submission never satisfied.

Genesis addresses each of Petitioners' arguments in its opening brief and below. Genesis also withdraws one argument in light of the record Petitioners have now placed before the Court, and narrows another. Genesis does not do so because the arguments were made carelessly, but because an honest reply engages the record as it now stands rather than defending every line of an opening brief regardless of what discovery of the full record has since shown.

## LEGAL ARGUMENT

### I. THE PANEL'S SANCTIONS AUTHORITY UNDER RULE R-62(A) DID NOT EXTEND TO THE FEE AWARD BECAUSE THE RULE'S OWN PRECONDITIONS WERE NEVER SATISFIED.

The AAA Healthcare Payor Provider Arbitration Rules, R-62(a), provide:

> The arbitrator may, **upon a party's request**, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or **results in an adverse determination of an issue or issues**, the arbitrator shall explain that order in writing and **shall require the submission of evidence and legal argument prior to making of an award.** The arbitrator may not enter a default award as a sanction.

R. 62(a) (emphasis added). R. 62(a) provides three reasons as to why the Award should be vacated or modified.

#### A. No party ever requested the sanction that was imposed

Rule R-62(a) sanctions issue "upon a party's request." The only request for attorney's fees anywhere in this record is United's December 5, 2025 application under Rule R-50(b), which the Panel denied in full on January 5, 2026. (See Declaration Ellington, Ex. B). That request was never renewed. United's February 6, 2026 motion, which Petitioners' own appendix identifies as seeking "appropriate sanctions including dismissal," contains no request for fees, no reference to Rule R-50, no request for a willful, wanton, and prejudicial determination, and no

renewal of the request the Panel had already denied. (See Declaration Ellington, Exhibit C). Petitioners do not dispute any of this. Their opposition instead asks this Court to treat the January 5, 2026 warning that a future motion to compel would place "all available remedies and sanctions" before the Panel as itself a request within the meaning of Rule R-62(a). But a warning from the arbitrator about what a future motion might contain is not a request from a party, and Rule R-62(a) requires the latter. Petitioners' own motion is the best evidence of what was requested, and it did not request fees or a willful and wonton determination. Petitioner sought the dismissal of the demand and that was granted.

This Court's own Circuit has vacated an arbitration award on precisely this basis. In PMA Capital Ins. Co. v. Platinum Underwriters Bermuda, Ltd., the arbitration panel ordered a payment that neither party had requested. The district court vacated the award, and the Third Circuit affirmed, holding that the panel's relief "exceeded the arbitrators' powers because it was not sought by either party." 400 F. App'x 654, 657 (3d Cir. 2010), aff'g 659 F. Supp. 2d 631, 636-39 (E.D. Pa. 2009). The same defect is present here. No party requested the specific fee sanction the Panel imposed at the time the Panel imposed it, for the reasons set out above, and the relief accordingly exceeded the Panel's powers under Section 10(a)(4) for the independent reason that it was not sought.

**B. The Panel decided entitlement first, without any Evidence and Argument**

Rule R-62(a) requires that where a sanction results in an adverse determination of an issue or issues, the arbitrator "shall require the submission of evidence and legal argument prior to making of an award." The Interim Order itself shows the Panel did not follow that sequence. In the same paragraph that dismisses Genesis's claims with prejudice, the Interim Order states that Genesis's conduct "was willful, wanton, and prejudicial . . . such that the sanction of the assessment of counsel fees and costs is warranted and awarded," and only then directs Petitioners to "submit affidavits in support of their prayer for counsel fees and costs" for the first time. (Interim Order at 6-7). Entitlement was decided before any evidence or legal argument on entitlement was ever submitted. The affidavit and opposition process that followed went only to amount. A rule requiring evidence and argument before an award cannot be satisfied by inviting evidence after the award of entitlement has already been made and awaiting only quantification.

A fee award entered before the evidence supporting it does not survive review even under deferential standards. See <u>CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.</u>, 19 F.4th 236, 246 (3d Cir. 2021)(Vacatur is warranted when an arbitrator "grants relief in a form that cannot be rationally derived from the parties' agreement and submissions or issues an award that is so completely irrational

that it lacks support altogether.”). Rule R-62(a) itself, not merely general fairness, required evidence before the award. Here, no evidence or argument addressed the Panel's determinations.

**C. The Panel addressed only one of the rule's two disjunctive triggers.**

Rule R-62(a) is triggered where a sanction "limits any party's participation in the arbitration or results in an adverse determination of an issue or issues." The Interim Order addresses only the first: "Claimant has in no manner been limited from participation in this case as contemplated in Payor Provider R-62(a)." (Interim Order at 5). It never addresses the second, independently sufficient trigger, which a dismissal with prejudice plainly satisfies: a dismissal is the adverse determination of every issue in the case. Petitioners' opposition does not identify anywhere in the record where the Panel considered this second trigger. It cannot, because the Interim Order does not mention it.

**II. THE PANEL EXCEEDED ITS POWERS IN AWARDING FEES BECAUSE NO SOURCE OF FEE-SHIFTING AUTHORITY EXISTED.**

This Circuit recognizes only the four narrow grounds set out in 9 U.S.C. Section 10(a), and confirms an award even where the arbitrator has made a serious error of law or fact, so long as the arbitrator is arguably construing or applying the contract. United Transp. Union v. Suburban Transit Corp., 51 F.3d 376, 380 (3d Cir.

1995); Tanoma Mining Co. v. Local Union No. 1269, 896 F.2d 745, 749 (3d Cir. 1990). Genesis asks this Court to find that the Panel exceeded the scope of authority the parties delegated to it, which is a different question entirely. Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 668, 672 (2010) (arbitrator exceeds his powers when he strays from interpretation of the agreement and dispenses his own brand of justice); Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 569, 572-73 (2013) (deference holds only where the arbitrator is arguably construing the contract).

Petitioners' opposition does not dispute that Article VII of the Participation Agreement contains no fee-shifting clause. It does not dispute that Rule R-50(d)(ii) permits a fee award only where all parties have requested one, where fees are authorized by law, or where fees are authorized by the parties' agreement. Both arguments in Genesis's opening brief stand unrebutted and should be treated as conceded.

Applying an analogous framework, New York courts have vacated fee awards on this identical three-part showing. In Matter of Stewart Tabori & Chang, Inc. (Stewart), the Appellate Division vacated an arbitration panel's award of attorney's fees because it was authorized by neither statute nor the parties' agreement. 282 A.D.2d 385, 386, 723 N.Y.S.2d 492 (1st Dep't 2001), denied, 96 N.Y.2d 718 (2001). The First Department has since restated that

holding as a three-part test squarely tracking the one Genesis presents here: a fee award fails where it is authorized by "no statute," by "no express provision of the arbitration agreement," and where fees were not "requested by both parties." McLaughlin, Piven, Vogel Secs., Inc. v. Ferrucci, 67 A.D.3d 405, 406, 889 N.Y.S.2d 134 (1st Dep't 2009). All three conditions that permitted a fee award in McLaughlin are absent here. Genesis cites Stewart Tabori and McLaughlin as persuasive authority applying New York's parallel manifest-disregard framework, not as controlling FAA precedent, but the convergence of an independent line of authority on the same three-part showing confirms that this is the standard structure courts use to test fee-shifting authority.

Petitioners instead argue that Rule R-62(a)'s general sanctions authority, independent of Rule R-50, supplied the power to shift fees, relying on Richardson v. Coverall N. Am. and Peng v. Gabay for the proposition that incorporation of the AAA Rules confers whatever authority those Rules describe. Richardson v. Coverall N. Am., Inc., 811 F. App’x 100 (3d Cir. 2020); Peng v. Gabay, 2009 WL 5216975 (D.N.J. Dec. 29, 2009) Genesis does not dispute that the Panel had authority to sanction noncompliance under Rule R-62(a) in the abstract. The problem is not the existence of that authority. The problem, set out fully in Point I above, is that Rule R-62(a)'s own preconditions for exercising it were never met here: no party requested the specific sanction

imposed, and no evidence or argument was solicited on entitlement before entitlement was decided. Authority that exists in principle does not authorize an award entered without satisfying the conditions the same rule attaches to its exercise.

Nor does a general grant of sanctions authority substitute for the specific fee-shifting authorization Rule R-50(d)(ii) and Article VII require. In Asturiana de Zinc Marketing, Inc. v. LaSalle Rolling Mills, Inc., the arbitration rules gave the arbitrator authority to grant "any remedy or relief that the arbitrator deems just and equitable." 20 F. Supp. 2d 670, 673 (S.D.N.Y. 1998). The court held that this general grant of remedial authority did not constitute an agreement to fee-shifting of the kind New York law required, and set aside the fee award. Rule R-62(a)'s general sanctions authority is no broader than the rule at issue in Asturiana, and cannot supply what Rule R-50(d)(ii) and Article VII withhold.

**III. GENESIS RECEIVED NOTICE THAT SANCTIONS WERE POSSIBLE, NOT NOTICE OF THE SPECIFIC SANCTION IMPOSED, AND SECTION 10(A)(3) REQUIRES THE LATTER**

Petitioners argue that Genesis received a fundamentally fair hearing because it had notice of United's February 6, 2026 motion and a directive to respond within forty eight hours, and that Genesis's own nonresponse, not any defect in the proceeding, produced the result it now challenges.

Genesis does not dispute that it received the February 6 motion and the February 10 order, or that its failure to respond was its own oversight rather than a denial of access. The Section 10(a)(3) defect is narrower than Petitioners' framing suggests. Genesis had notice that dismissal was sought and an opportunity to oppose dismissal. It had no comparable notice that a fee sanction was sought nor a determination of wanton willful conduct, because none was, and Rule R-62(a) required a party's request for that specific relief before the Panel could act on it. Petitioners' cases addressing a party's own nonparticipation, including CPR Management and Barbier, involved parties with actual notice of the relief at issue who chose not to respond. CPR Mgmt., S.A. v. Devon Park Bioventures, L.P., 19 F.4th 236 (3d Cir. 2021); Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117 (2d Cir. 1999). Genesis's failure to respond to a motion that did not request fees cannot supply notice of a fee application that motion never made. A party cannot waive opposition to relief it was never told was sought.

**IV. ANY CONFIRMATION MUST BE LIMITED TO THE CLAIMS SUBMITTED**

Petitioners do not dispute that confirmation must track the scope of the arbitration; they state only that they seek confirmation coextensive with the matters submitted and not an expansion of the Award. Genesis agrees that framing is correct and asks the Court to say so expressly in any order that issues, so

that the scope of preclusion is established by the Court's order rather than left to later dispute between the parties over the Award's own general language.

## V. GENESIS WITHDRAWS ITS FINALITY ARGUMENT

Petitioners' opposition, supported by the Borchert Declaration and its Exhibits 6 through 8, establishes that the Panel denied Genesis's Motion for Reconsideration in its entirety on March 10, 2026, more than two months before the Final Award issued on May 15, 2026. Genesis's opening brief inferred from a single footnote in Petitioners' fee affidavit that the reconsideration motion remained pending when the Final Award issued. Genesis accordingly withdraws Point IV of its opening brief and does not press the argument that the Final Award failed to dispose of a pending application.

## CONCLUSION

For the foregoing reasons and those set forth in Genesis's opening brief, Genesis respectfully requests that this Court enter an order:

1. Vacating paragraphs 1 and 2 of the Order contained in the Final Award dated May 15, 2026, pursuant to 9 U.S.C. Section 10(a)(4) and Rule R-62(a) as construed above;

2. In the alternative, modifying the Final Award pursuant to 9 U.S.C. Section 11(b) to strike paragraphs 1 and 2 of the Order, and confirming the balance as modified;

3. Denying confirmation of the fee and cost award; and

4. Granting such other and further relief as the Court deems just and proper.

Dated: September 14, 2026

Respectfully submitted,

**ABIRA MEDICAL LABORATORIES LLC**
/s/ Afiyfa Ellington
By: ______________________________

Afiyfa H. Ellington, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Reply Brief was served by electronic document service (*e-serve*) via the CM/ECF System upon Petitioners, UnitedHealth Group, Inc. and UnitedHealthcare Insurance Company's counsel of record on this 14th day of September, 2026.

/s/ Afiyfa Ellington
By: ______________________________

Afiyfa H. Ellington, Esq.