**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITEDHEALTH GROUP, INC. and UNITEDHEALTHCARE INSURANCE COMPANY,

Petitioners,

v.

ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,

Respondent.

Civil Action No. 26-7495 (RK) (JBD)

**OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on a Petition to Confirm the Arbitration Award ("Petition") filed by Defendants UnitedHealth Group, Inc. and UnitedHealthcare Insurance Company ("United"), (ECF No. 1, "Petition"), as well as a Motion filed by Petitioners seeking the same relief, (ECF No. 3). Also pending is a Cross-Motion to Vacate the Arbitration Award filed by Genesis Diagnostics ("Genesis").[1] (ECF No. 9, "Resp. Br.") The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion is **GRANTED** and Plaintiff's Cross-Motion is **DENIED**.

[1] Respondent Abira Medical Laboratories, LLC does business under the name Genesis Diagnostics. For consistency, the Court will refer to this entity as "Genesis," the name both parties used in their briefing.

## I. BACKGROUND

United contracts with medical providers to purchase services on behalf of insured patients. (Petition ¶¶ 1–2, 10; ECF No 1-3 ("Agreement") at 2.)[2] Genesis is a provider of laboratory testing services. (Petition ¶ 3; Agreement at 2.) On May 1, 2019, the parties entered into an Ancillary Provider Participation Agreement (the "Agreement"), regarding Genesis's providing laboratory testing services to United insureds. (*See generally* Agreement.) Article VII of the Agreement provides that disputes shall be submitted to binding arbitration "conducted by the American Arbitration Association ('AAA') in accordance with the AAA Healthcare Payor Provider Arbitration Rules ['AAA HPPA Rules']." (Agreement at 13–14 (citing ECF No. 9-4 at 50–66 ("AAA HPPA Rules")).)

Acknowledging the dispute was subject to the Agreement's arbitration clause, Genesis submitted a Demand for Arbitration to the AAA on July 25, 2022, seeking to recover payment for alleged unpaid diagnostic testing services provided to United's insureds. (ECF No. 13-10.) Genesis sought relief in the form of treble damages, punitive damages, and reasonable attorney's fees and costs. (*Id.* at 24.) An Arbitration Panel (the "Panel") was appointed, consisting of three Arbitrators. (Petition ¶ 13.) Following United's Answer, (ECF No. 13-2), Genesis submitted an Amended Demand on August 23, 2023 that sought the same relief, (ECF No. 13-3).

The matter proceeded for several years. (*See* ECF No. 9-4 at 7–9 ("Jan. 5 Order") (summarizing arbitration proceedings).) On May 29, 2025, following "extended silence" from Genesis, the Panel granted partial Summary Judgment in United's favor on two of Genesis's claims. (ECF No. 13-14 at 2.) On December 5, 2025, United moved to dismiss the action for failure

[2] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

to prosecute, claiming that Genesis "has not contacted United or the Panel in over six months." (ECF No. 13-5.) United's letter motion specifically requested that the Panel "award United its reasonable attorney's fees and costs pursuant to [AAA] Rule R–50(b)." (*Id.* at 2, 6; *see also* ECF No. 13-6 (detailing Genesis's repeated failure to comply with deadlines and communicate with counsel).)

The Panel held a hearing on December 22, 2025 with both parties. (Jan. 5 Order at 7.) On January 5, 2026, the Panel issued an Administrative Order denying United's motion, stating "[d]ismissal is not permitted under AAA [HPPA] Rules notwithstanding behavior on the part of Claimant concerning the prosecution of the case which is less than diligent." (*Id.* at 8.) Nevertheless, the Panel ordered Genesis to comply with specific discovery actions and stated that "[a]ny failures to comply with this order are to be addressed by the filing of a motion to compel detailing the issues and resulting prejudice. *Upon that filing the Panel will consider all available remedies and sanctions*." (*Id.* at 9 (emphasis added).)

One month later, on February 6, 2026, United submitted a Motion to Compel seeking "*appropriate sanctions including dismissal*" based on Genesis's failure to prosecute. (ECF No. 9-4 at 11–15 ("Mot. to Compel") (emphasis added).) United stated that Genesis had failed to comply with the Panel's January 5, 2026 Order and had "not contacted United at all since the [December 22, 2026] hearing on United's motion to dismiss." (*Id.* at 11.) United also identified "over a hundred similar cases in almost every jurisdiction" filed by Genesis, a multitude of which had resulted in sanctions or dismissal. (*Id.* at 13–14.)

On February 10, 2026, giving Genesis yet another opportunity to prosecute the action it long-before commenced, the Panel ordered Genesis to respond to United's Motion to Compel within forty-eight hours. (ECF No. 9-4 at 48.) Genesis ignored same and provided no response.

(Resp. Br. at 4.)[3] Thereafter, the Panel entered an Interim Order on February 24, 2026 dismissing the action with prejudice "due to the egregious conduct" of Genesis. (ECF No. 1-4 at 7–13 ("Interim Order").) Finding that Genesis had consistently failed to comply with discovery orders over the past three years, the Panel concluded that Genesis's "refusal to participate in the discovery process and prosecute the action creates the inference that its action was intended to cause [United] to needlessly incur both counsel fees and deny it a timely day in court to resolve this lawsuit which clouds its ability to make business decisions." (*Id.* at 11.)

As the Panel identified, AAA HPPA Rule R-62 "permits the Panel to 'order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator.'" (*Id.* (quoting AAA HPPA Rules § R-62).) Based on this authority, the Panel found that Genesis's conduct was "willful, wanton, and prejudicial to [United's] rights to a fair hearing process such that the sanction of the assessment of counsel fees and costs is warranted and awarded." (*Id.* at 12.) The Panel ordered United to submit affidavits regarding counsel fees and costs for the Panel's consideration, with any responses due within thirty days thereafter. (*Id.*)

Genesis moved for reconsideration of the Interim Order on March 6, 2026, claiming its failure was due to "oversight and miscommunication." (ECF No. 13-7 at 3.) United opposed this motion, (ECF No. 13-8), and the Panel denied it, (ECF No. 13-9). On March 25, 2026, United submitted its fee application to the Arbitration Panel, seeking $442,312.61 in attorney's fees, law-firm costs, and expenses.[4] (ECF No. 9-4 at 17–46.) Genesis opposed United's application,

---

[3] Genesis claims its failure to respond by the Panel's deadline was due to "oversight of counsel." (Resp. Br. at 4.)

[4] Specifically, Petitioners sought (1) $190,224.40 in legal fees by Alston & Bird LLP for a period beginning in July 2024; (2) $96,196.21 in legal fees from prior counsel Stradley Ronon Stevens & Young, LLP, (3) $149,392.00 for claims-data analyses by Ankura Consulting Professionals, and (4) $6,500 in administrative fees paid to the AAA. (ECF No. 9-4 at 20.)

challenging the amount requested as unreasonable. (ECF No. 13-15.) The Panel issued a Final Award (the "Final Award") of $166,433.26[5] on May 14, 2026. (ECF No. 1-4 at 2–5 ("Final Award").)

On June 22, 2026, United filed the instant Petition and Motion to Confirm the Panel's Arbitration Award. (Petition; ECF No. 3.) Genesis submitted a Cross-Motion to Vacate the Arbitration Award on August 14, 2026. (Resp. Br.) United filed its opposition on September 8, 2026, (ECF No. 13, "Opp."), and Genesis replied on September 14, 2026, (ECF No. 14, "Reply.")

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, governs judicial review of arbitration awards. Under Section 9 of the FAA, a district court "must" grant a motion to confirm an arbitration award unless there are grounds to vacate, modify, or correct it. *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005). Exceptions are granted only in "exceedingly narrow circumstances," *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003), and the party seeking to vacate an arbitration award "bears a heavy burden." *Handley v. Chase Bank*, 387 F. App'x 166, 168 (3d Cir. 2010).

Section 10(a) of the FAA defines the exclusive grounds for vacatur of an arbitration award. *Hall Street Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). The four grounds enumerated under this Section are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

[5] The Final Award represented the following attorney's fees and costs: (1) 40% of the fees incurred for the services of Alston & Bird LLP ($76,089.76); (2) 50% of the fees incurred for the services of Ankura Consulting Professionals ($74,696.00); and (3) $15,647.50 in AAA arbitrator fees. (Final Award at 2–3.)

> material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Section 11 of the FAA permits separate grounds for "modifying or correcting" an arbitration award. 9 U.S.C. § 11. As relevant here, a district court "may make an order modifying or correcting the award upon the application of any party to the arbitration . . . [w]here the arbitrators have awarded upon a matter not submitted to them[.]" *Id.* § 11(b).

In light of "the strong federal policy in favor of commercial arbitration," a district court must "begin with the presumption that the award is enforceable." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012) (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983)). "A court may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract . . . or because it believes its interpretation of the contract is better than that of the arbitrator." *United Transp. Union hoc. 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995) (quotation omitted). While not a "rubber stamp," *Matteson v. Ryder Sys. Inc.*, 99 F.3d 108, 113 (3d Cir. 1996), courts review arbitration decisions under an "extremely deferential standard." *Hamilton Park Health Care Ctr. Ltd. v. 1199 SEIU United Healthcare Workers E.*, 817 F.3d 857, 861 (3d Cir. 2016) (quoting *Dluhos*, 321 F.3d at 370).

"[R]eview under § 10 focuses on misconduct rather than mistake." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350–51 (2011). "It is not enough for petitioners to show that the panel committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is only when the arbitrator strays from interpretation and application of

the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (alterations in original).

## III. DISCUSSION

Genesis raises three categories of argument in its Cross-Motion to Vacate the Arbitration Award. First, under 9 U.S.C. § 10(a)(4), Genesis contends the Panel's award exceeded their power as arbitrators. Second, under 9 U.S.C. § 10(a)(3), Genesis argues the Panel failed to provide Genesis with sufficient notice and opportunity to oppose the award. Third, in the alternative, under 9 U.S.C. § 11(b), Genesis claims the Panel's fee award was based on a matter not properly submitted and thus must be modified.

### A. Vacatur Under Section 10(a)(4)[6]

Genesis's primary argument is that the Panel exceeded its power in awarding attorney fees and costs as a sanction. (Resp. Br. 6.) Under Section 10(a)(4), a district court may vacate an award when the arbitrator exceeds its power under the parties' agreement. 9 U.S.C. § 10(a)(4). An

[6] This Court has jurisdiction to confirm or vacate the arbitration award. "A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). Here, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Petitioner UnitedHealth Group, Inc. is a Delaware corporation with its principal place of business in Minnesota. (Petition ¶ 1.) Petitioner UnitedHealth Insurance Co. is a Connecticut corporation with its principal place of business in Connecticut. (*Id.* ¶ 2.) According to United's Petition, Respondent Abira Medical Laboratories LLC is a New Jersey limited liability company with a single member, Abraham Miller. (*Id.* ¶ 3.) Because United alleges Mr. Miller is a citizen of New Jersey, which Genesis never contested, the Court considers Genesis a citizen of New Jersey for diversity purposes. *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010) (citizenship of an LLC is based on citizenship of each partner or member). United seeks confirmation of an award of $166,433.26. (*See* Final Award.)

Because the parties have agreed that "judgment on the award may be entered in any court having jurisdiction thereof, by either party," the Court "must" grant the arbitration award unless an exception applies, as discussed below. (Agreement at 14); 9 U.S.C. § 9; *see Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 55 n.1 (3d Cir. 1989) (affirming award entered under similar provision).

arbitrator exceeds these limits only when he or she "decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219–20 (3d Cir. 2012) *aff'd*, 569 U.S. 564 (2013). Only where the arbitrator's decision constitutes "manifest disregard" for the parties' agreement can a district court vacate an arbitrator's decision. *Brentwood Med. Assocs.*, 396 F.3d at 243. Likewise,"[a]s long as the arbitrator has *arguably* construed or applied the contract, the award must be enforced, regardless of the fact that a court is convinced that arbitrator has committed a serious error." *News Am. Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union, Loc. 103*, 918 F.2d 21, 24 (3d Cir. 1990) (citing *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 38 (1987)) (emphasis in original).

Here, the parties agreed that binding arbitration is to be "conducted by the American Arbitration Association ('AAA') in accordance with the AAA Healthcare Payor Provider Arbitration Rules ['AAA HPPA Rules']." (Agreement at 13.) The AAA specifically designed the AAA HPPA Rules for "[d]isagreements between healthcare Payors and Providers regarding the payment of claims." (AAA HPPA Rules at 55.) The AAA HPPA Rules provide that "[t]he arbitrator shall have the authority to issue any orders necessary to . . . achieve a fair, efficient[,] and economical resolution of the case, including . . . in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance[.]" (*Id.* § R-25(d).)

Genesis first contends that the Panel failed to identify its source of authority in awarding attorneys' fees. (Resp. Br. at 10; Reply at 7–10.) Not so. As the Panel explained in the Interim

Order, AAA HPPA Rule R-62 permits an arbitrator to "upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator." (Interim Order at 10–11 (citing AAA HPPA Rules § R-62).) Because the parties agreed to be bound by the AAA HPPA Rules in Article VII, the parties' Agreement incorporated these rules. *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020) (finding that "the AAA Rules govern the arbitration of any dispute" where "incorporation of the AAA Rules in [the parties'] arbitration clause constitutes clear and unmistakable evidence that the parties agreed to delegate arbitrability.") Accordingly, the Panel's interpretation of the AAA HPPA Rules is entitled to the same level deference as the other terms in the Agreement. *See Viatech Inc. v. DCS Corp.*, No. 14-4603, 2014 WL 5089740, at *3 (D.N.J. Oct. 9, 2014) (explaining that where "the parties agreed to be bound by the AAA Rules," it is "not the Court's role" to interpret individual rules unless the arbitrator's interpretation was "precipitous, ill-considered, or unreasonable.").

Genesis next contends that Article VII of the Agreement contains "no provision of any kind authorizing an award of attorney fees," (Resp. Br. at 7–8 (citing Agreement at 12–13)) and that, even under the AAA HPPA Rules, attorney's fees are limited to where "all parties have requested such an award or it is authorized by law or their arbitration agreement." (Resp. Br. at 8–9 (citing AAA HPPA Rules § R-50(d)(ii)).) [7]

Both arguments miss the point. As explained above, the Panel's award is based on its authority under the Agreement to "order appropriate sanctions." (Interim Order at 12; AAA HPPA

[7] For the first time on reply, Genesis argues that United also "did not request fees or a willful and wonton [sic] determination" as required under AAA HPPA Rule R-62(a) (Reply. at 5; *see* Reply at 4–7.) "[I]t is well-established that new arguments cannot be raised for the first time in reply briefs." *Pitman v. Ottehberg*, No. 10-2538, 2015 WL 179392, at *9 (D.N.J. Jan. 14, 2015). Even so, as discussed below, United's February 6, 2026 Motion to Compel requested "appropriate sanctions," (Mot. to Compel at 1, 3), and the Panel provided Genesis with forty-eight hours to raise objections (ECF No. 9-4 at 48). Genesis failed to do so. (ECF No. 13-7 at 3.)

§ R-62(a).) Genesis "does not dispute that the Panel had authority to sanction noncompliance under [AAA HPPA] Rule R-62(a) in the abstract." (Reply at 9.) Although the *amount* of the final award was based on a portion of United's attorney's fees and costs, the "sanction" *award* is distinct from ordinary fee-shifting. *See Peng v. Gabay* No. 05-3939, 2009 WL 5216975, at *6 (D.N.J. Dec. 29, 2009) (explaining that "where the Panel shifts fees that are routinely divided evenly between the parties, the Panel imposed a sanction."); *see also ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 87 (2d Cir. 2009) ("[S]anctions, including attorney's fees, are appropriately viewed as a remedy within an arbitrator's authority to effect the goals of arbitration."); *Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 543 (5th Cir. 2013) ("[A]rbitrators enjoy inherent authority to police the arbitration process and fashion appropriate remedies to effectuate this authority, including with respect to conducting discovery and sanctioning failure to abide by ordered disclosures."). Separate AAA HPPA provisions pertaining to fee-shifting "do not deprive an arbitrator of the authority to award attorney's fees and costs as a sanction for bad faith conduct." *Salus Cap. Partners, LLC v. Moser*, 289 F. Supp. 3d 468, 478 (S.D.N.Y. 2018); *see also Lanesborough 2000, LLC v. Nextres, LLC,* 167 F.4th 33, 42 (2d Cir. 2026) ("[A]n arbitration agreement stating that 'each party will bear its own attorney's fees' did not limit an arbitrator's authority to award fees to 'sanction bad faith conduct.'" (quoting *ReliaStar*, 564 F.3d at 88)); *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 926, 943 (N.D. Cal. 2003) ("[T]he final allocation of fees and costs which reflected the panel's effective imposition of sanctions was within the grant of authority conferred by the arbitration agreement upon the arbitrators."). Therefore, the Court rejects Genesis's challenge to the Panel's award on this ground. *See Peng*, 2009 WL 5216975, at *6.

Next, Genesis points to language in Article VII stating that "[t]he arbitrator(s) have no authority to award punitive, exemplary, indirect[,] or special damages, except in connection with a statutory claim that explicitly provides for that relief." (Resp. Br. at 12–13 (quoting Agreement at 12–13).) However, nothing in this provision explicitly limits the Panel's authority to impose sanctions.[8] Instead, the provision refers exclusively to damages. *Snead v. Soc'y for Prevention of Cruelty to Animals of Pa.*, 929 A.2d 1169, 1187 (Pa. Super. Ct. 2007), *aff'd*, 985 A.2d 909 (Pa. 2009) (explaining that sanctions of "attorney's fees are not a substitute for compensatory or punitive damages").[9] Absent some explicit limitation on an arbitrator's ability to impose sanctions in the Agreement, there is "no basis for thinking that the parties to this agreement ever considered the question of whether to limit the arbitrators' authority to sanction bad faith conduct." *ReliaStar*, 564 F.3d at 88. It was well within the Panel's authority to issue the sanctions award here. *See Garvey*, 532 U.S. at 509.[10] Under the extreme deference afforded to an arbitrator's decision, the Court finds that Genesis has not met their "heavy burden" to demonstrate vacatur under Section 10(a)(4). *See Handley*, 387 F. App'x at 168; *Oxford Health*, 569 U.S. 564 at 571.[11]

---

[8] For similar reasons, Genesis's reliance on *PMA Capital Insurance Co. v. Platinum Underwriters Bermuda, Ltd.* is misplaced. (Reply at 5 (citing 400 F. App'x 654, 657 (3d Cir. 2010)).) In *PMA Cap.*, the arbitrators rewrote material terms of a contract, resulting in a $6 million damages award that was entirely separate from the relief requested by the parties. Unlike that case, here, the Panel's award of sanctions—not damages—arises from the arbitrators' authority under the agreement to discipline a party for failing to comply with its obligations in the arbitration proceedings. (*See* AAA HPPA Rules § R-62.)

[9] Both parties agree that the Agreement is governed by Pennsylvania state law. (Resp. Br. at 9; Opp. at 14–15; Agreement at 13.)

[10] Because the Court finds the Panel did not exceed its authority under the parties' agreement, it need not reach Genesis's argument that Pennsylvania state law provides no separate basis for the Panel's award. (Resp. Br. at 9 (citing 42 Pa. Cons. Stat. § 7321.22(b)).) However, the Court notes that Pennsylvania law does not preclude an arbitrator's authority to award sanctions where a party engages in "willful misconduct or bad faith." *See Rosin v. PA Assocs.*, 335 A.3d 356, 2025 WL 604958, at *10–11 (Pa. Super. Ct. Feb. 25, 2025) (affirming an arbitrator's "authority to impose sanctions in order to resolve the ongoing dispute between the parties").

[11] In its Reply brief, Genesis withdrew its final argument that the Panel's award was not mutual, final, and definite. (Reply at 12; Resp. Br. at 14–15.) Therefore, the Court ends its Section 10(a)(4) analysis here.

### B. VACATUR UNDER SECTION 10(A)(3)

Genesis next argues that the Panel's award independently fails because Genesis was deprived of notice and an opportunity to be heard. (Resp. Br. at 11–14.) Section 10(a)(3) of the FAA permits a court to vacate an arbitration award where the arbitrator engaged in "misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "Misbehavior" is "not simply an error of law," but conduct "which so affects the rights of a party that it may be said that he [or she] was deprived of a fair hearing." *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir. 1968). A "fair hearing" is one where the parties have "notice" and an "opportunity to present evidence and arguments" before the arbitrator. *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 245 (3d Cir. 2021). A "court's role in reviewing an arbitrator's procedural decisions is extremely limited," *Sabre GLBL, Inc v. Shan*, 779 F. App'x 843, 856 (3d Cir. 2019), and "[a]rbitrators have wide latitude in how they conduct proceedings," *Off. & Pro. Emps. Int'l Union, Loc. No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 334 (3d Cir. 1999).

Genesis contends that United's February 6, 2026 Motion to Compel did not specifically request attorney's fees, and thus prejudiced Genesis's ability to raise argument and evidence in its defense. (Resp. Br. at 11–14; Reply at 10–11.) This argument centers on "a distinction without a difference." *Davison Design & Dev., Inc. v. Scorza*, No. 23-644, 2023 WL 7283179, at *3 (W.D. Pa. Nov. 3, 2023) (rejecting vacatur of an attorney's fees award that was "rationally derived from the parties' agreement and submissions" and was "not a surprise to the litigants"). United's February 6, 2026 Motion to Compel clearly requested "appropriate sanctions," (Mot. to Compel at 1, 3), and the Panel's prior January 5, 2026 Order provided ample notice that "the Panel will consider all available remedies and sanctions" for future "failures to comply" with discovery

proceedings (Jan. 5 Order). Moreover, the Panel provided Genesis with notice and a chance to be heard on February 10, 2026, ordering Genesis to file a response to United's Motion to Compel within forty-eight hours. (ECF No. 9-4 at 48.) Genesis chose not to do so.

The record reveals that Genesis failed to respond to *any* requests between the Panel's January 5, 2026 Order and the Panel's February 24, 2026 Interim Order awarding sanctions. (*See* Interim Order 9–10.) Genisis concedes it was at fault for its failure to participate in proceedings during this period. (*See* Resp. Br. at 4 (conceding that "[t]hrough the oversight of counsel, no response was filed" to the February 6, 2026 Motion to Compel); Reply at 11 ("Genesis does not dispute that it received the February 6 motion and the February 10 order, or that its failure to respond was its own oversight rather than a denial of access."); ECF No. 13-7 at ¶¶ 3, 4, 9, 21 (same).) Section 10(a)(3) does not extend vacatur where a party abandons its right to defend itself. *See CPR Mgmt.,* 19 F.4th at 246 (rejecting a motion to vacate where the defendant "declined to gather certain evidence and abandoned its right to present evidence, defend itself, and participate in the hearing the arbitrator convened"). Any notion or contention that Genesis was deprived adequate notice or process is specious and belied by the record which chronicles Genesis's serial non-compliance and non-participation in any meaningful way in the very proceeding it commenced.

Following the Panel's Interim Order, Genesis received opportunity to request reconsideration of the sanctions and to oppose United's application for fees. (ECF Nos. 13-7, 13-15.) Genesis did both, and the Panel ultimately issued a Final Award below United's fee application. (Final Award at 1–2.) Accordingly, the Court finds that Genesis's claims of procedural unfairness are contrived and fall well short of the "misbehavior" necessary for vacatur. *Newark Morning Ledger*, 397 F.2d at 599.

### C. Modification Under Section 11(b)

Finally, in the alternative, Genesis asks that this Court modify the Final Award under Section 11(b) of the FAA as a "matter not submitted." (Resp. Br. at 14.) Under Section 11(b), a district court may modify or correct an arbitrator's award where "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted" 9 U.S.C. § 11(b). Courts should only modify an award if it is "so completely irrational that it lacks support altogether." *United States for Use & Benefit of JRW Serv. Grp., LLC v. New Age Dev. Grp. LLC*, No. 20-2055, 2023 WL 371394, at *3 (3d Cir. Jan. 24, 2023).

Genesis argues that the only matter submitted to the Panel was its own affirmative claims, and that, once dismissed, no relief remained to be granted in United's favor. (Resp. Br. at 14; Reply at 11–12.) The Court disagrees. As explained above, the Panel awarded attorney's fees as a sanction for bad faith conduct. (Interim Order at 12.) The Panel's sanctions were independent of any "matter submitted" because they stemmed from Genesis's misconduct throughout the arbitration process. *See ReliaStar*, 564 F.3d at 87 ("[S]anctions, including attorney's fees, are appropriately viewed as a remedy within an arbitrator's authority to effect the goals of arbitration."). For the same reasons this Court is not persuaded by Genesis's grounds to vacate the Final Award, Genesis's alternative request to modify the award also fails. *Matter of Arb. between Ne. Marine Iron Works & B.S. L. Cruises, Inc.*, No. 92-5684, 1992 WL 349841, at *2 (S.D.N.Y. Nov. 10, 1992) ("[T]o the extent that the relief sought by respondent comes within the categories of modification or correction, it must be denied for the same reasons as the motion to vacate is denied.").[12]

---

[12] Genesis additionally asks the Court to limit confirmation of the arbitration award to the claims actually submitted and seeks clarification that the confirmed award "not be read to reach claims of other Genesis

In sum, the Court finds no basis on which to vacate, modify, or adjust the Panel's Final Award, and, therefore, confirms it.

affiliates, claims arising under other participation agreements, or claims for dates of service outside the submission." (Resp. Br. 18–19.) United "does not dispute that confirmation must track the scope of the arbitration." (Opp. at 23.) Thus, the Court confirms the Final Award as issued by the Panel and reaches no conclusions regarding claims not before it.

## CONCLUSION

For the foregoing reasons, Petitioners' Motion to Confirm the Arbitration Award is **GRANTED**, and Respondent's Cross-Motion to Vacate the Arbitration Award is hereby **DENIED**. An appropriate Order accompanies this Opinion.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 28, 2026